Matter of Ivan R. v Lisandra F. (2020 NY Slip Op 06725)





Matter of Ivan R. v Lisandra F.


2020 NY Slip Op 06725


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Docket No. V-11687-06/16H, V-11688-06/16H, V-11687-06/17I, V-11688-V-11687-06/16H V-11688-06/16H V-11687-06/17I V-11688-06/17I. Appeal No. 12410 Case No. 2018-5527 

[*1]In the Matter of Ivan R., Petitioner-Appellant,
v
Lisandra F., Respondent-Respondent. 


The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for appellant.
Diaz & Moskowitz, PLLC, Garden City (Hani M. Moskowitz of counsel), for respondent.
Jo Ann Douglas Family Law, PLLC, New York (Jo Ann Douglas of counsel), attorney for the children.



Order, Family Court, New York County (Marva A. Burnett, Ref.), entered on or about August 23, 2018, which, upon the petition to modify a prior visitation order to require that any transportation costs be paid by respondent mother, permitted the mother to relocate to Florida with the parties' younger child, granted petitioner father regular visitation, and apportioned the cost of airfare equally between the parties, unanimously affirmed, without costs, and appeal therefrom as to the older child dismissed, without costs, as moot.
This appeal is moot as to the parties' older child, who reached the age of majority in December 2018 (see Matter of Darisa D. v Bienvenida D., 26 AD3d 222 [1st Dept 2006]).
Although the father repeatedly asserted that he consented to the child's living with the mother in Florida and sought only to have the mother pay 100% of the child's interstate travel costs, he argues on appeal that it was not in the child's best interests to relocate to Florida and that the mother should be ordered either to return the child to New York or to pay his transportation costs in full.
The court providently exercised its discretion in concluding that it was in the best interests of the child to permit the mother to relocate to Florida with him. The determination has a sound and substantial basis in the record (see Matter of David J.B. v Monique H., 52 AD3d 414, 415 [1st Dept 2008]), which shows that the environment in Florida is better for the child, that he is successful in school, and that, through technology and visitation, he is able to maintain contact with his father (see Matter of Tropea v Tropea, 87 NY2d 727, 739-740 [1996]).
The court providently exercised its discretion in apportioning the child's travel costs equally between the parties. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020